W. H. ADAMS v. STATE.

No. A-905.   Opinion Filed December 30, 1911.

Appeal from Kay County Court; Claude Duval, Judge.

Herman S. Gurley, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was convicted upon an indictment returned in the district court and duly transferred to the county court of Kay county, which charged that he did have in his possession intoxicating liquor with the intent to violate the provisions of the prohibition law.   May 28, 1910, judgment was entered in accordance with the verdict of the jury and he was sentenced to serve a term of thirty days in jail and pay a fine of fifty dollars.   To reverse this judgment this appeal was taken.   The state introduced but one witness, the agent of the Wells, Fargo Express Co., at Blackwell, who produced the copy of a waybill on which was written, "2B. L., W. H. Adams, Consignee", delivered by O. H., received by W. H. Adams, and was permitted to testify that B. L. was supposed to stand for boxes of liquor. Three of such waybills were permitted to be introduced in evidence.   On cross-examination the witness admitted that he had no personal knowledge of how much or what the package contained or of the delivery of the shipments.   Among others the court gave the jury the following instruction:

"You are instructed that to prove an unlawful keeping or possession of liquors with the intent to sell or barter the same, it is not necessary or incumbent on the state to show a sale, an attempt to sell, or that the liquors were exposed or offered for sale, or that the liquors were owned by the defendant, but the unlawful purpose or intention is the essence of the offense and should be clearly made out to the satisfaction of the jury beyond a reasonable doubt."

There was no evidence introduced tending to prove the payment of the special tax required of liquor dealers by the United States, the payment of which under the provisions of the prohibition law (sec. 4181 Snyder), shall constitute prima facie evidence of the intention to violate the provisions of the act.   This instruction in effect informed the jury that possession alone is sufficient to show intent to sell or barter, and places the burden on the defendant to explain his possession of such liquors.   The criminal intent involved in the commission of the offense charged is the intent to sell, barter, give away, or otherwise furnish, and while quantity is a corroborative circumstance that may be considered by the jury in connection with other proof, possession in itself is insufficient to sustain a conviction.   In order to convict where there is no proof of payment by the defendant of the special tax required by the liquor dealers of the United States, there must be evidence, either positive or presumptive, tending to prove the unlawful intent.   McCarthy v. State, infra.   The testimony is wholly insufficient to support a conviction and the defendant's motion to direct a verdict of not guilty should have been sustained.   The judgment is therefore reversed.